**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **CHARLES COLLINS, et al** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **ARTEX SYSTEMS, INC.** | : | **NO. 09-4075** |


**MEMORANDUM OPINION**

**Goldberg, J.**                                                                                    **May 12, 2010**

This case stems from injuries suffered by Plaintiff when a precast concrete panel

manufactured by Artex Systems, Inc., ("Artex") fell on him at a construction site. Plaintiff originally

sued Artex who subsequently filed a third-party complaint against Plaintiff's employer, Cornell &

Company, Inc. ("Cornell").

Currently before the Court is Cornell's motion to dismiss the third-party complaint. This

motion raises the issue of whether Artex is entitled to indemnification from Cornell, under contracts

entered into between Artex and Cornell and Artex and the general contractor, Turner Construction

Company ("Turner"). For the reasons set forth herein, Cornell's motion will be granted.

## I. FACTUAL BACKGROUND

Plaintiff, Charles Collins, was injured at a construction site, in Philadelphia, Pennsylvania,

known as the 10 Rittenhouse Plaza project. As part of the project, Turner, the general contractor,

contracted with Artex for the manufacture and delivery of more than 1,400 precast concrete panels.

Artex also contracted with Cornell, with whom Plaintiff was employed as an ironworker, to install

the panels.

According to the complaint, on January 22, 2009, Plaintiff was securing a concrete panel onto a trailer when the panel fell on him, resulting in injuries. (See generally, Compl.). On August 5, 2009, Plaintiff filed suit against Artex in the Philadelphia County Court of Common Pleas, alleging negligence and loss of consortium. The case was subsequently removed to this Court. After a Rule 16 Conference and a scheduling order was issued, Artex sought and was granted permission to file a third-party complaint.

On January 22, 2010, Artex filed its third-party complaint against Cornell and Turner. First, Artex alleged that Cornell caused the accident and that by virtue of the contracts between Artex and Cornell and Artex and Turner, Cornell was required to indemnify Artex for Plaintiff's claims. Artex also raised a claim against Turner based on Turner's purported failure to provide insurance. On February 3, 2010, Cornell filed a motion to dismiss the third-party complaint, which is currently before the Court.[1]

## II. STANDARD OF REVIEW

When ruling on a motion to dismiss, a court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000). A motion to dismiss for failure to state a claim "tests the legal sufficiency of plaintiff's claim." Petruska v. Gannon University, 462 F.3d 294, 302 (3d Cir. 2006). A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, a plaintiff must provide more than a formulaic recitation of a claim's elements

---

[1] Turner has since answered the third-party complaint.

that amounts to mere labels and conclusions.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level."  Id.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570).

## III.  LEGAL ANALYSIS

Cornell first argues that the indemnity provision in the contract entered into with Artex (the "Artex/Cornell contract") is insufficient to require Cornell, as Plaintiff's employer, to indemnify Artex for Plaintiff's claims.

The pertinent provision of this contract reads:

7.    [Cornell] agrees to indemnify and save "Artex" harmless, from and against any and all claims, loss or expense caused or occasioned directly or indirectly by [Cornell's] failure to fully comply with this agreement.

(Artex/Cornell Contract, ¶ 7).

In Pennsylvania, under the terms of the Worker's Compensation Act, a third party may not seek indemnification from the employer of an injured person absent an express provision for indemnity in a written contract.  77 P.S. § 481(b).  As the Pennsylvania Superior Court has stated:

[C]ontracting parties must specifically use language which demonstrates that a named employer agrees to indemnify a named third party from liability for acts of that third party's own negligence which result in harm to the employees of the named employer.  Absent this level of specificity in the language employed in the contract of indemnification, the Worker's Compensation Act precludes any liability on the part of the employer.

Bester v. Essex Crane Rental Corp., 619 A.2d 304, 308-309 (Pa. Super. Ct. 1993).

Here, Artex seeks indemnity from Cornell, Plaintiff's employer, and thus the Worker's Compensation Act requires specific language obligating Cornell to indemnify a third party.  We find,

however, that the language of the provision relied upon by Artex, and set forth above, is not specific enough to meet these requirements. This provision does not specifically state that Cornell agrees to indemnify Artex for injuries to Cornell's employees. See Id. (holding that a general indemnification provision, similar to the one in this case, was insufficient to require an employer to indemnify a third party for injuries to its employee); see also Finney v. CSX Transp., Inc., 2009 WL 3719382, at *3-*4 (E.D. Pa. Nov. 5, 2009) (citing Bester and granting a third party defendant's motion to dismiss where a general indemnification clause was insufficiently specific to be enforceable against an employer for injuries to its employee). Rather, the provision in question is very general and speaks to indemnification for "failure to fully comply with this agreement."

In its response, Artex acknowledges that the above provision does not require Cornell to indemnify them. Artex asserts, however, that the Artex/Cornell contract operates to "substitute" Cornell for Artex in Artex's contract with Turner (the "Artex/Turner contract"). (Resp., pp. 7-8). This substitution or incorporation provision in the Artex/Cornell contract reads:

> 2. [Cornell] is bound to and shall have all the rights, obligations and benefits of the terms and conditions, including payment terms, of the sub-contract agreement ("Prime Contract") between Artex and Turner Construction Company ("Contractor") which is attached hereto. All references in the "Prime Contract" to "Artex" shall be deemed to refer to [Cornell] as it pertains to the precast panel installation ("the Work").[2]

(Artex/Cornell Contract, ¶ 2). According to Artex, under this provision, Cornell has assumed all of Artex's responsibilities and liabilities. Particularly, Artex argues that Cornell has assumed the "Liability for Damage and Personal Injury" provision in the Artex/Turner contract, which states:

---

[2]This type of provision has been referred to as a pass through indemnification provision and is described as a provision which transfers to party "A" the contractual obligations party "B" owed to party "C." See Bernotas v. Super Fresh Food Mkts., 863 A.2d 478, 480 (Pa. 2004). Such a provision is created where one contract incorporates the terms of another contract. Id. Here, the Artex/Cornell contract incorporates the Artex/Turner contract and attempts to transfer Artex's contractual obligations to Cornell.

> [Artex] hereby assumes entire responsibility and liability for any and all damage or injury of any kind or nature whatever (including death resulting therefrom) to all persons, whether employees of any tier of [Artex] or otherwise . . . . [Artex] agrees to indemnify and save harmless Turner and the Owner, their officers, agents, servants and employees from and against any and all such claims and further from and against any and all loss, cost, expense, liability, damage, penalties, fines or injury . . . .

(Artex/Turner Contract, Art. XXIII).  Relying on this language, Artex asserts that because Cornell is substituted in its place, Cornell is required to indemnify them for any employee's claims.

We find that Artex's argument fails for two reasons.  First, the "Liability for Damage and Personal Injury" provision, cited above, creates an obligation for Artex to indemnify Turner.  Thus, this provision is inapplicable because Artex is seeking indemnification for Plaintiff's claims, and not claims made by Turner.

Second, the pass through indemnification provision in the Artex/Cornell contract is not specific enough under Pennsylvania law.  Generally in Pennsylvania, provisions to indemnify for another party's negligence are construed narrowly and require a clear and unequivocal agreement.  Bernotas v. Super Fresh Food Mkts., 863 A.2d 478, 482 (Pa. 2004).  Applying that general rule to pass through indemnification provisions, the Pennsylvania Supreme Court has focused on the pass through language and held that:

> . . . unless expressly stated, pass through indemnification clauses violate the long standing policy underlying the rule narrowly construing indemnification provisions.  When the provision sought to be "passed through" involves indemnification for acts of another party's negligence, the theory will not be applied, unless the contract language is clear and specific.  Sound public policy requires an unequivocally stated intention to be included in the subcontract for this type of provision to pass through from the general contract. The general language of a standard incorporation clause cannot trump the specific language of the subcontract, when the former supports indemnification for negligent acts but the latter is ambiguous regarding the circumstances under which indemnification will occur.

Id. at 484.

Another Pennsylvania case, <u>Integrated Project Services v. HMS Interiors, Inc.</u>, 931 A.2d 724 (Pa. Super. Ct. 2007), also discusses the requisite specificity of a pass through indemnification provision. In <u>Integrated Project Services</u>, an employee of a subcontractor was injured at a construction site, and the employee sued the owner and general contractor. The general contractor then filed a declaratory judgment action for indemnification from the subcontractor under the subcontract's indemnification and incorporation provisions. <u>Id.</u> at 727. The subcontract contained the following "broad, all-encompassing provisions for incorporation of the prime contract by reference and for indemnification:" <u>Id.</u> at 726.

> 6. . . . SUBCONTRACTOR shall be bound to [General] CONTRACTOR by the terms of this SUBCONTRACT and of the CONTRACT DOCUMENTS between the Owner and [General] CONTRACTOR and shall assume toward [General] CONTRACTOR all of the obligations and responsibilities with respect to the work to be performed hereunder by SUBCONTRACTOR which [General] CONTRACTOR, by the CONTRACT DOCUMENTS assumes towards the Owner . . . .
>
> 7. SUBCONTRACTOR assumes entire responsibility and liability for any and all claims and/or damages . . . for which [General] CONTRACTOR shall be liable under the CONTRACT DOCUMENTS, or by operation of law, with respect to the work covered by this SUBCONTRACT and agrees to indemnify and save [General] CONTRACTOR and Owner harmless from and against all claims, . . . personal injuries (including death) to any and all persons, whether employees of [General] CONTRACTOR or others . . . to the same extent and obligation to which [General] CONTRACTOR has assumed towards Owner under the CONTRACT DOCUMENTS . . . .

<u>Id.</u> at 726-727. The prime contract at issue in <u>Integrated Project Services</u> contained the following provisions:

> . . . the [General] Contractor shall indemnify, defend and hold harmless the Owner . . . but only to the extent caused in whole or in part by negligent acts or omissions of the [General] Contractor or any Subcontractor, or anyone directly or indirectly employed by them or anyone for whose acts they may be liable for regardless whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder.
>
> . . . the indemnification obligation under [the above provision] shall not be limited by a limitation on amount or type of damages, compensation or benefits payable by or for the

[General] Contractor or a Subcontractor under workers' or workmen's compensation acts .
. . .

Id. at 726.

Based on this language, the general contractor argued that the pass through provisions of the subcontract were sufficiently clear and specific under Bernotas so that the subcontractor must indemnify the general contractor for the injuries to the employee. Id. at 736. The Superior Court disagreed and in focusing on the subcontract, held that the language contained therein did not unequivocally set forth the subcontractor's intention to indemnify the general contractor. Therefore, the pass through indemnification provision was unenforceable despite the language of the prime contract. Id. The Superior Court also addressed whether the pass through provision could serve as a waiver of the subcontractor's worker's compensation immunity. Id. at 737. The Court cited to Bester and found that the "subcontract [did] not contain specific language demonstrating that Subcontractor agreed to indemnify General Contractor from liability for General Contractor's own negligence, that resulted in harm to [] Subcontractor's employee." Id. at 738. Thus, the subcontractor could not be bound to the waiver of worker's compensation immunity stated in the prime contract. Id.

Here, the Artex/Cornell contract contains similarly broad provisions for incorporation of the Artex/Turner contract and for indemnification. Like the Court in Integrated Project Services, we conclude that the provisions in the Artex/Cornell contract do not state that Cornell will indemnify Artex for Artex's own negligence. Further, the Artex/Cornell contract does not clearly indicate that Cornell agrees to indemnify Artex for injuries to Cornell's employees. As such, the pass through and indemnification provisions of the Artex/Cornell contract are not enforceable and Cornell is not

7

bound by the indemnification provisions and waiver of worker's compensation immunity in the

Artex/Turner contract.[3]

## IV. CONCLUSION

For the foregoing reasons, Cornell & Company's motion to dismiss the third-party complaint

shall be granted. Our Order follows.

---

[3]Artex attempts to distinguish the contract between Artex and Cornell from other pass-through provisions by claiming that it substitutes Cornell for Artex in the Artex/Turner contract. We find, however, that the contract here is no different than the subcontracts in Bernotas and Integrated Project Services where the pass through provisions aimed to place the subcontractor in the shoes of the general contractor by assuming all obligations and liabilities of the general contractor under the general contract. See Bernotas, 863 A.2d at 481; see also Integrated Project Services, 931 A.2d at 730.